**UNITED STATES DISTRICT CLERK**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**SANTANU SOM**, **M.D.**,                                        Case No.

                                 Plaintiff,

     -against-                                         **COMPLAINT**

**THE BOARD OF TRUSTEES OF THE NATCHEZ**
**REGIONAL MEDICAL CENTER, THE NATCHEZ**
**REGIONAL MEDICAL CENTER, LANA**
**MORGAN, EDWARD DALY, JENNIFER RUSS,**
**KATHYRN NUTTER, CARL PASSMAN and**
**JOHN O'BRIEN**,

                              Defendants.

-----------------------------------------------------------------X

        Plaintiff, by his attorney, GLENN T. NUGENT, P.C., complaining of the Defendants alleges as follows:

### INTRODUCTION

        1.      This is an action against THE BOARD OF TRUSTEES OF THE NATCHEZ REGIONAL MEDICAL CENTER (hereinafter "BOARD"),  THE NATCHEZ REGIONAL MEDICAL CENTER (hereinafter the "NRMC" or "Hospital"), LANA MORGAN, EDWARD DALY, JENNIFER RUSS, KATHYRN NUTTER and JOHN O'BRIEN by SANTANU SOM, M.D. for violations of the Health Care Quality Improvement Act of 1986 ("HCQIA")(42 U.S.C. Section 11112) based upon the summary of suspension of Dr. Som's intra-abdominal surgical privileges, human rights violations (42 U.S.C. 1983) and discriminatory and retaliatory treatment toward Dr. SOM, violations of federal guidelines and joint commission rules, failure to provide to plaintiff due process under law, defamation by false allegations, breach of contract and tortuous interference with business  practice.

### PARTIES

        2.      Plaintiff SANTANU SOM, D.O., is a medical doctor licensed to practice medicine residing at 42 1st Avenue, Farmingdale, New York 11735.

        3.      Defendant, BOARD, was and upon information and belief, still is a duly designated

organization acting for and on behalf of the defendant HOSPITAL.

4.      Defendant, HOSPITAL, was and upon information and belief, still is Medical Center and Hospital organized and existing under the laws of the State of Mississippi, with its principal offices at 54 Sgt. Prentiss Drive, Natchez, Mississippi, and all times pertinent to this action has been engaged in an industry affecting commerce and has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current the or preceding calendar year.  Additionally, HOSPITAL is an "employer" and a "cover entity" under Section 42 USCA Section 11112, at all times pertinent to this action, was the employer of SANTANU SOM, D.O..

5.      Defendant, LANA MORGAN (hereinafter "MORGAN") is the Chief Executive Officer of NRMC.

6.      Defendant, EDWARD DALY (hereinafter "DALY") was the Chief of Staff of NRMC at all times relative to these proceedings.

7.      Defendant, JENNIFER RUSS (hereinafter "RUSS") at all times relative to these proceedings, was a NRMC medical staff member.

8.      Defendant, KATHRYN NUTTER (hereinafter "NUTTER"), at all times hereinafter mentioned, was NRMC committee member.

9.      Defendant CARL PASSMAN (hereinafter "PASSMAN"), at all times hereinafter mentioned, was a NRMC committee member.

10. JOHN O'BRIEN,(hereinafter "O'BRIEN") at all times hereinafter mentioned, was a NRMC committee member.

## JURISDICTION

11.      This Court has jurisdiction over this action under the Health Care Quality Improvement Act, 42 U.S.C.A. Section 11112, 42 U.S.C 1983 and has supplemental jurisdiction over all State claims pursuant to 28 U.S.C.A. Section 1367.

12.      Venue in this district is proper pursuant to 28 U.S.C. 1332.

## STATEMENT OF FACTS

13.      SANTANU SOM, D.O., is a medical doctor previously licensed to practice medicine in the State of Mississippi.

-2-

14.     In April, 2008 plaintiff was employed by Natchez Community Hospital (hereinafter "NCH") a direct economic competitor of NRMC.

15      On  June 10, 2008 SANTANU SOM, D.O. entered into a professional services agreement NRMC to serve as an accredited Physician and Surgeon at NRMC's medical facilities in Natchez, Mississippi.

16.     Prior to the wrongful acts alleged herein, plaintiff provided surgical and medical services for NRMC and NCH.

17.     After his arrival at NRMC physician, colleagues and staff members at NRMC began sabotaging his medical practice and attacking his standing in the hospital and the medical community.

18.     Thereafter and on or about November 23, 2008, plaintiff performed an emergency exploratory laparotory at NRMC in the presence of nurses who each proved to lack adequate in service training for such procedure.

19.     Due to constructive criticism from SANTANU SOM, D.O. as a result of the nurses lack of training evident during the surgery, the nurses discussed the matter between themselves and issued a fraudulent complaint against plaintiff to MORGAN and NRMC.

20.     That prior to this procedure plaintiff had successfully performed over 50 successful intra-abdominal surgeries, including 3 exactly similar procedures-small bowel resections.

21.     The complaints of the nurses were without merit, were obviously made with intent to mask the nursing staff's incompetency and were a retaliatory measure with malicious intent.

22.     Thereafter and on January 21, 2009, MORGAN, without proper authority, and without a hearing, improperly suspended plaintiff's intra-abdominal suspension.

23.     On March 18, 2009 plaintiff requested a hearing in objection to the suspension.

24.     Thereafter, NRMC appointed RUSS, NUTTER, PASSMAN, O'BRIEN and others to preside as Ad Hoc Committee hearing officers (hereinafter the "AHI Committee") to

determine if the suspension should be upheld.

25.    On May 8, 2009 NRMC notified plaintiff of a medical executive committee (hereinafter "MEC") hearing to be held on June 24, 2009.

26.    The MEC hearing held on June 24, 2009 violated HCQIA, NRMC bylaws and/or rules of the Joint Commission on Accreditation of Health Care Organization (hereinafter "Joint Commission") in the following ways:

        a.    failing to permit cross examine these RNs.

        b.    failing to consider that plaintiff had performed more than 50 intra-abdominal cases with excellent outcome (HCQIA requires adequate collection of facts).

        c.    the committee "cherry picked" only 3 cases and upheld the suspension based on 2 unspecified violation of standard of care (violation of NRMC bylaws and joint commission guidelines).

        d.    the MEC failed to establishing any proximate cause; e.g. If plaintiff violated standards of care then which specific standards were violated and how such violations caused harm to patient.

        **e.**    the peer review was conducted without an adverse effect and without informing plaintiff of proper reason (HCQIA violation).

        f.    plaintiff's were suspended without a hearing, no hearing was done within 30 days and suspension was continued – violations of HCQIA and joint commission.

        g.    NRMC failed to follow the NRMC hearing procedures bylaws.  This is clearly a breach of contract.

        h.    NRMC failed to appointing a general surgeon to the MEC and violated NRMC bylaws and joint commission guidelines.

        i.    NRMC attorney was present during MEC hearing and deliberations in violation of bylaws and due process.

        j.    NRMC refused to consider an report of an independent peer review report finding plaintiff to be a provider of excellent patient care on the same "cherry picked" cases reviewed by MEC.

27.     The suspension was wrongly upheld and then reaffirmed by BOARD and summary suspension was reported to the National Practitioner Data Bank ("NPDB") and the Mississippi State Board of Medical License.

28.     The report to the NPDB was clearly a false, defaming, libelous, colluded act made maliciously by NRMC, its agents and employees against plaintiff.

29.     By reason of the foregoing actions by the defendants, SANTANU SOM, D.O. became a victim of a sham peer review, with unusually unfair and unwarranted scrutiny from NRMC, spearheaded by the remaining.  The defendants  wrongfully used the Peer Review process to suspend plaintiff's intra-abdominal surgical privileges based upon issues unrelated to any quality of care or patient safety.  The defendants' actions were motivated by malice and an attempt to extinguish SANTANU SOM, D.O.'s practice, using the medical peer review process as a tool.

30.     The peer review action was undertaken without any factual basis and was accompanied by repeated statements that plaintiff was an incompetent physician and were made in the presence of other staff members  and members of the public who were present at the hospital. These comments achieved their intended result, which was to defame SANTANU SOM, D.O. and to lower his standing in the medical community and cause him to suffer economic injury.

31.     During the peer review action defendants violated confidentiality of the process in an attempt to limit plaintiff's practice by passing confidential peer review information to other individuals and facilities for the purpose of defaming him.

32.     The Hospital's agents and employees, lead by MORGAN, continued their concerted effort to tortuously interfere with SANTANU SOM, D.O.'s medical practice by causing him to lose patient referrals from other physicians.  These actions were committed with malice, and were without privilege or excuse and with the intention of inhibiting economic competition.

33.     All of these actions by the NRMC against SANTANU SOM, D.O. were

-5-

reported to the National Practitioners Data Bank, adversely affecting his reputation and his ability to practice as a physician in the United States.

**FIRST CAUSE OF ACTION:**
**INJUNCTIVE RELIEF**

34.     SANTANU SOM, D.O., realleges and reasserts all allegations and statements contained in paragraphs 1 through 33 above as if set forth in full herein.

35.     The purpose of this petition is to request a preliminary injunction: (a) prohibiting NRMC or any of its staff members or employee's and defendants from releasing untrue and negative information regarding SANTANU SON, D.O. to any hospital, state or federal agency, including the NPDB, and instead, requires they provide non-adverse (neutral) information until final hearing can be held on the merits of the case, and (b) requesting that the Court issue an injunction overturning the action of NRMC.

36.     Injunctive relief is authorized by general principles of equity, federal statutes, or state law. According to well established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate:  (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

37.     In the matter involving defendants, SANTANU SOM, D.O. has already suffered irreparable injury to his medical practice, his reputation, his family, and his career, and will continue to do so.  Unless defendants are prohibited from discharging defamatory information about him, SANTANU SOM, D.O. be unable to obtain privileges at any hospital.  As a direct and proximate result of NRMC's bad faith, SANTANU SOM, D.O. will continue to suffer substantial damages to his reputation and his practice.  He has incurred and will continue to incur a tremendous loss of revenue due to the actions of defendants.  Defendants' conduct denied him due process rights and

-6-

caused him significant damages.

38.     There is no adequate remedy at law for the injuries SANTANU SOM, D.O. has suffered and will continue to suffer.  Money damages cannot prevent defendants from continuing the disbursement of egregiously false information.

39.     In considering the balances of hardships, the injuries SANTANU SOM, D.O. continues to face far outweighs any injury that would be sustained by defendants as a result of injunctive relief.  Likewise, injunctive relief in this matter would not adversely affect public policy or public interest. Allowing a highly skilled surgeon and physician to practice medicine would have the opposite effect; the public would benefit significantly from such injunctive relief.

40.     Inasmuch as SANTANU SOM, D.O. has met the equity factors required for injunctive relief, he seeks the following relief:

A.     That defendants be stopped from communicating or publishing disparaging and inaccurate information regarding SANTANU SOM, D.O..

B.     That defendants be directed to communicate or publish only non-controversial information until a hearing can be conducted on which to establish the merits of his request.

### SECOND CAUSE OF ACTION:
### VIOLATION OF HEALTH CARE
### QUALITY IMPROVEMENT ACT

41.     SANTANU SOM, D.O. realleges and reasserts all allegations contained in paragraphs 1 through 40 above as if set forth in full herein.

42.     The basis for this request for declaratory relief is the violation of the Health Care Quality Improvement Act (HCQIA) 42 U.S.C.A. Section 11101 er seq.

43.     The HCQIA requires that a professional review action must be taken: (a) in the reasonable belief the action is taken in the promotion of quality health care; (b) after a reasonable effort to obtain the facts of the matter;, ( c) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures s are fair to the physician under the circumstances, and (d) in the reasonable belief such

action is warranted by the facts known after reasonable effort to obtain the facts and after providing for adequate notice and hearing. 42 U.S.C.A. Section 11112(a). The NRMC failed to comply with these provisions of the HCQIA.

44.     Further provisions of the HCQIA pursuant to adequate hearing and notice specifically state that a physician under such review must be given notice stating: (a) that a professional review action has been proposed against the physician, (b) the reasons for the action, ( c) that the physician has the right to request a hearing on the proposed action, (d) any time limits "of not less than 30 days" within which to request such a hearing, and (e) the summary of his/her rights in the hearing. 42 U.S.C.A. Section 11112(b)(1). The defendants failed to comply with these provisions of the HCQIA.

45.     HCQIA provides for immunity to peer reviewers when the provisions are met. Furthermore, hospitals that are licensed must provide procedural due process. Procedures outlined in the NCMC bylaws also provide the right to notice and appeal. Because the defendants acted with malice and failed to provide SANTANU SOM, D.O. with due process pursuant to those outlined in HCQIA and its own bylaws, the defendants forfeited their immunity from damages. Therefore, SANTANU SOM, D.O. is entitled to damages from the defendants for tortuous conduct.

### THIRD CAUSE OF ACTION:
### CIVIL RIGHTS VIOLATIONS (42 U.S.C. 1983)

46.     SANTANU SOM, D.O. realleged and reasserts all allegations and statements contained in paragraphs 1 through 45 above as if set forth in full herein.

47.     The basis for this request for monetary damages is the violation of the Civil Rights Act under 42 U.S.C.A. Section 1983. SANTANU SOM, D.O. has not previously filed suit in any other court.

48.     SANTANU SOM, D.O. seeks declaratory and injunctive and monetary damages for violation of his constitutional rights based on race, deprivation of due process and conflicts of interest.

### FOURTH CAUSE OF ACTION:
### DEFAMATION

49.     SANTANU SOM, D.O. realleges and reasserts all allegations and statements contained in paragraphs 1 through 48 above as if set forth in full herein.

50.     Under law, a statement is "defamatory" if it tends to harm the reputation of another, is known to be false and that the publication of the language was the proximate cause of the plaintiff's damages.

51.     The "publication" of a defamatory statement, which may be written or oral, is a communication to some third party who understands both the defamatory meaning of the statement and its application to the person to whom reference is made.

52.     The defamation of SANTANU SOM, D.O. by the defendants held him, and continues to hold him up to shame, contempt, and ridicule and caused him personal and professional embarrassment and humiliation which have resulted in financial loss in the form of lost wages and emotional distress.  The defendants' conduct was done with malice which entitles SANTANU SOM, D.O. to punitive damages.

### FIFTH CAUSE OF ACTION:
### BREACH OF CONTRACT

53.     SANTANU SOM, D.O. realleges and reasserts all allegations and statements contained in paragraphs "1" through 52 above as if set forth in full herein.

54.     Despite the professional services contract between SANTANU SOM, D.O. and NRMC wherein SANTANU SOM, D.O. specifically requested that he be given the opportunity to avail himself of due process provisions of the medical staff bylaws and the HCQIA, NRMC failed to abide by the terms of that contract.

55.     As a result of NRMC's breach of contract, SANTANU SOM, D.O. is entitled to contract damages as may be proven, including, but not limited to, wages he lost as a result of NRMC's wrongful breach and the exclusion of SANTANU SOM, D.O. from the hospital's medical staff without providing him opportunity for notice and hearing.

### SIXTH CAUSE OF ACTION:
### TORTUOUS INTERFERENCE OF A PROSPECTIVE
### ECONOMIC ADVANTAGE

56.     SANTANU SOM, D.O. realleges and reasserts all allegations and

statements contained in paragraphs 1 through 55 above as if set forth in full herein.

57.     Defendants interfered with SANTANU SOM, D.O.'s business relationship with his existing and potential patients.

58.     Defendants, with knowledge of SANTANU SOM, D.O.'s business relationships, have intentionally and maliciously interfered with same.

59.     To establish tortuous interference with existing or prospective business relationships, the plaintiff must prove (1) there was an economic relationship between plaintiff and some third party, with the possibility of future economic benefit to the plaintiff; (2) the defendant had knowledge of the relationship; (3) there were intentional acts on the part of the defendant designed to disrupt the relationship; (4) there was an actual disruption of the relationship; and (5) the plaintiff suffered economic harm proximately caused by the acts of the defendant.

60.     The harm suffered by SANTANU SOM, D.O. as a result of the aforesaid conduct by the defendants as set out in the Complaint is irreparable in nature and incapable of being measured solely in terms of monetary damages, thereby leaving no adequate remedy at law for said harm to SANTANU SOM, D.O..

61.     The harm suffered by plaintiff as a result of defendants' inducement of referring physicians and patients to discontinue their business relationship with SANTANU SOM, D.O. at the same level and prospective business, customer goodwill, customer loyalty, and competitive advantage.  New and future irreparable injury and damage will result to SANTANU SOM, D.O. during the pendency of this suit.

**SEVENTH CAUSE OF ACTION:**
**CONSPIRACY**

62.     SANTANU SON, D.O. realleges and reasserts all allegations and statements contained in paragraphs 1 through 61 above as if set forth herein.

63.     NRMC entered a civil conspiracy with the purpose of damaging SANTANU SOM, D.O.'s reputation and his practice of medicine.

64.     The elements of a cause of action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damages resulting to plaintiff (3) from the

wrongful act done in furtherance of the common design.  Additionally, the concurrence and knowledge of the conspiracy may be inferred from the nature of the acts done, the relationship between the parties, and the interests of the parties to the civil conspiracy.

65.     The damages resulting from this civil conspiracy are incalculable. SANTANU SOM, D.O. has suffered both personally and professionally through the intentional actions of NRMC to conspire to violate his rights under HCQIA, as well as his rights under the Civil Rights Act.  This conspiracy has also resulted in interference with SANTANU SOMN, D.O.'s ability to practice medicine and has subjected him to extraordinary emotional distress.

### EIGHTH CAUSE OF ACTION:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

66.      SANTANU SON, D.O., realleges and reasserts all allegations and statements contained in paragraphs "1" through 65 above as if set forth in full herein.

67.     SANTANU SOM, D.O. is informed and believes and thereon alleges that, at all times herein mentioned, that the employees and agents of NRMC as sued herein were at all times acting within the purpose and scope of such agency and employment.

68.     The parties were bound by the professional services contract and hospital bylaws to exercise due care towards plaintiff.

69.     Defendants' acts or omission to act, constituted breach of duty or breach of contract.

70.     As a proximate result of defendants' acts or omission and the consequences proximately caused by it, as hereinabove alleged, SANTANU SOM, D.O. suffered severe humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows: lost wages and medical expenses in the sum of $2,500,000.

### NINTH CAUSE OF ACTION:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71.     SANTANU SOM, D.O. realleges and reasserts all allegations and

statements contained in paragraphs 1 through 70 above as if set forth in full herein.

72.     SANTANU SOM, D.O. is informed and believes and thereon alleges that, at all times herein mentioned, that defendants' and employees of NRMC as sued herein were the agents and employees of NRMC and were at all times acting within the purpose and scope of such agency and employment.

73.     The parties were bound by consent to exercise due care towards plaintiff.

74.     Defendants' conduct was intentional and malicious and done for the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

### TENTH CAUSE OF ACTION:
### SHERMAN ANTI-TRUST ACT

75.     SANTANU SOM, D.O. realleges and reasserts all allegations and statements contained in paragraphs 1 through 74 above as if set forth in full herein.

76.     By preventing SANTANU SOM, D.O. from competing in the intra-abdomimal surgeon market, NRMC has engaged in an unreasonable restraint of trade in violation of section 1 of the Sherman Anti-Trust Act. As such, SANTANU SOM, D.O. is entitled to damages, costs, attorney's fees, and injunctive relief.  Further, since NRMC willfully acted in restraint of trade, SANTANU SOM. D.O. is entitled to treble damages.

77.     In order for a plaintiff to have standing to bring an antitrust claim, he must show an injury-in-fact proximately caused by the defendant's conduct, an antitrust injury, and proper plaintiff status.  An antitrust injury is the type of injury that flows

-12-

from anti-competitive acts that antitrust laws were intended to prevent.  In order to be proper, a plaintiff must be either a competitor or customer in the relevant market. Proper plaintiff status also includes such factors as the directness of the claimed injury; whether the injury is merely speculative; and whether the suit would result in multiple lawsuits, duplicative recoveries, or complex damage apportionment.

78.     SANATANU SOM, D.O. is a competitor in the intra-abdominal surgical market who suffered an injury-in-fact proximately caused by defendants' anti-competitive conduct.  Defendants' conduct resulted in a restraint of SANTANU SOM, D.O.'s ability to obtain employment in his chosen field, thus adversely affecting the availability of intra-abdominal surgical physicians in the market.  Such restraint of trade is the type of injury that antitrust laws were intended to prevent.  Additionally, SANTANU SOM, D.O.'s injuries are neither speculative nor indirect as NRMC';s acts were directed specifically at SANTANU SOM, D.O..  Thus, SANTANU SOM, D.O. is uniquely positioned to bring this action and enforce an antitrust judgment against the defendants.  Consequently, SANTANU SOM, D.O. has standing to bring this antitrust action.

78.     The Sherman Anti-Trust Act prohibits concerted action between two or more persons that produces an unreasonable restraint of trade.

79.     NRMC is an organization controlled by a group of competitors. NRMC, its agents and employees, have attempted to shut SANTANU SOM, D.O. out of the relevant healthcare market so as to capture his share of the market.  Thus, it qualifies as a conspiracy for this antitrust action.   By its unwarranted attacks on

-13-

SANTANU SOM, D.O., NRMC has unreasonably restrained trade by preventing SANTANU SOM, D.O. from providing intra-abdominal medical services to the market. Additionally, these acts have no pro-competitive benefit.  On the contrary, the only effect has been to eliminate a highly trained physician from the market.  As such, SANTANU SOM, D.O., is entitled to damages and injunctive relief from NRMC per se anti-tust violations.

## JURY DEMAND

80     In accordance with Federal Rule of Civil Procedure 38, SANTANU SOM, D.O. demands a trail by jury of all issues in this civil action that are triable of right (or choice) by a jury.

## DEMAND FOR JUDGMENT

In accordance with Federal Rule of Civil Procedure 8(a), Plaintiff SANTANU SOM, D.O., makes the following demand that judgment be issued in his favor on all his claims and respectfully requests that this Court

A.     Issue a declaratory judgment that `NRMC,` its agents and employees, reported to another person, firm, corporation, hospital, health care entitles or agencies that SANTANU SOM, D.O. was summarily suspended or otherwise received adverse credentialing action by NRMC or was a poor physician and a risk to his patients;

B.     Issue a permanent injunction prohibiting NRMC, its agents and employees, from falsely reporting to other person, firm, corporation, hospital, health care entities or agencies that SANTANU SOM, D.O. was summarily suspended or otherwise received adverse credentialing actionb by NRMC or was a poor physician and

-14-

a risk to his patients;

       C.      Issue a preliminary injunction prohibiting NRMC, its employees or agents, from violating his Civil Rights;

       D.      Issue a permanent injunction prohibiting NRMC, its agents and employees, from violating his Civil Rights.

       E.      Issue a monetary judgment in favor of SANTANU SOM, D.O. in an amount sufficient to compensate him for severe emotional distress and mental suffering;

       F.      Issue a monetary judgment in favor of SANTANU SOM, D.O., in an amount for lost wages by reason of any of the matters set forth in this Complaint or otherwise proven at trial;

       G.      Issue a monetary judgment in favor of SANTANU SOM, D.O. in an amount for actual damages against NRMC, its agents and employees, for all sums shown to have been suffered by SANTANU SOM, D.O. by reason of any of the matters set forth in the Complaint or otherwise proven at trial;

       H.      Issue a monetary judgment in favor of SANTANU SOM, D.O. in an amount for punitive damages against NRMC,  for all sums shown to have been suffered by SANTANU SOM, D.O. by reason of any of the matters set forth in the Complaint or otherwise proven at trial tending to show that NRMC acted intentionally or with malice.

       I.      Issue a monetary judgment in favor of SANTANU SOM, D.O. in an amount against NRMC for all sums shown to have been suffered by SANTANU SOM, D.O. by reason of any of the matters set forth in the Complaint or otherwise proven at trial tending to show that NRMC violated the Sherman Anti-trust Act;

J.      Issue a monetary judgment in favor of SANTANU SOM, D.O. in an amount for Cost of Suit;

K.      Issue a monetary judgment in favor of SANTANU SOM, D.O. in an amount for pre and post Judgment interest at a rate permitted by law:

L.      Issue a monetary judgment in favor of SANTANU SOM, D.O. in an amount for attorneys fees, and,

M.      Issue a judgment in favor of SANTANU SOM, D.O., for such other and further relief as to the court may seem just and proper.


Dated:  September 26, 2012

_____
GLENN T. NUGENT (GTN-9606)